UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD MADERA, | Civil Action No. 16-5055 (SDW) |
| Petitioner, | |
| v. | OPINION |
| CHARLES GREEN, et al., | |
| Respondents. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Edward Madera, filed pursuant to 28 U.S.C. § 2241.  (ECF No. 1).  Following an order to answer, the Government filed a response to the Petition (ECF No. 6), to which Petitioner has replied.  (ECF No. 7).  For the following reasons, this Court will grant the petition and will direct an immigration judge to conduct a bond hearing for Petitioner.

**I. BACKGROUND**

Petitioner, Edward Madera, is a native and citizen of the Dominican Republic who was admitted into the United States as a lawful permanent resident in 1994.  (Document 2 attached to ECF No. 6 at 3-4).  On November 21, 2003, Petitioner was convicted of possession with intent to distribute cocaine in the Superior Court of New Jersey, Passaic County.  (*Id.*).  Petitioner also received a second conviction for possession of cocaine in December 2006.  (*Id.*).  On February 9, 2016, Petitioner was taken into immigration custody and has been held since that date while his removal proceedings are ongoing.  (*Id.*).

1

Petitioner first appeared before the immigration court on March 16, 2016. (Document 7 attached to ECF No. 6 at 2). At that time, Petitioner was granted a continuance to obtain counsel. (*Id.*). Petitioner appeared again on May 11, 2016, but that hearing was continued at Petitioner's request. (*Id.*). Petitioner's counsel requested and obtained another continuance on May 31, 2016. (*Id.* at 2-3). Petitioner appeared before the immigration court once again on July 5, 2016, and his immigration counsel again requested and was granted a continuance. (*Id.* at 3). According to Petitioner, he became unhappy with his counsel's continued requests for more time and failure to file for relief from removal, and hired a replacement counsel in July 2016. (ECF No. 7 at 2). Petitioner's new counsel entered an appearance on his behalf on July 26, 2016, but that hearing had to be continued due to the operational or security concerns of the immigration court which were apparently not related to Petitioner's case. (*Id.*; Document 7 attached to ECF No. 6 at 3). Petitioner and his second attorney thereafter appeared before the immigration court on September 6, 2016, at which point Petitioner states his counsel "filed a complete application under [the] [C]onvention [A]gainst [T]orture" and a new merits hearing was scheduled for November 16, 2016. (ECF No. 7 at 2). The immigration court apparently rescheduled that hearing, but the new date conflicted without Petitioner's counsel's schedule, and the court therefore had not yet scheduled a new hearing date as of the filing of Petitioner's reply. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody"

and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**B. Analysis**

As Petitioner is not yet subject to a final order of removal and is being held based on his prior drug convictions, it is clear that Petitioner is currently detained pursuant to 8 U.S.C. § 1226(c). The propriety of his continued detention without a bond hearing is therefore governed by the Third Circuit's decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). In *Diop*, the Third Circuit held that § 1226(c) "authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes." 656 F.3d at 231. The determination of whether a given period of detention is reasonable is a fact specific inquiry "requiring an assessment of all of the circumstances of a given case" *Id.* at 234. Reasonableness in this context is "a function of whether [continued detention without bond] is necessary to fulfill the purpose of the statute," specifically protecting the public and ensuring that the petitioner attends his removal proceedings. *Id.* While the *Diop* panel of the Third Circuit declined to adopt a bright line rule for determining reasonableness solely on the basis of the passage of time, s*ee* 656 F.3d at 234; *see also Carter v. Aviles*, No. 13-3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014), the Third Circuit did provide

some clarification in *Chavez-Alvarez*. Specifically, the *Chavez-Alvarez* panel held that, at least where the Government does not show bad faith on the petitioner's part, "beginning sometime after the six-month timeframe [upheld by the Supreme Court in *Demore* [*v. Kim*, 538 U.S. 510, 532-33 (2003),] and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute." 783 F.3d at 478.

In this matter, the Government argues that Petitioner's continued detention without a bond hearing is reasonable because Petitioner's case is distinguishable in two respects: first, Petitioner and his prior counsel are responsible for several months of continuances and thus contributed to the length of his detention, and second because Petitioner only has available to him limited forms of relief, such as his petition for relief under the Convention Against Torture, which are not complicated and would not prevent his removal to a safe third country other than his homeland. In making this argument, the Government does not appear to assert that Petitioner has acted in bad faith, asserting only that Petitioner has not presented any significant argument in his immigration matter which would prevent his removal from the United States. Petitioner in response argues that he has now filed a proper application for relief under the Convention, and in any event that he should not be held responsible for the continuances requested by his first attorney because she did not provide him with adequate legal services and was replaced as a result by counsel who thereafter promptly filed for relief.

As this Court has explained,

> [t]urning first to the issue of Petitioner's responsibility for some of the delay in his case, the Third Circuit specifically held in *Chavez-Alvarez* that the reasonableness of a given period of detention does not rely solely on how the Government has conducted itself, and observed that the "primary point of reference for justifying [an] alien's confinement must be whether the civil detention is necessary

4

> to achieve the statute's goals: ensuring participation in the removal process and protecting the community from the danger [the alien] poses." 783 F.3d at 475. Thus, detention can become unreasonable, and a petitioner can be entitled to a bond hearing, even where the Government itself acted reasonably and is not responsible for the delays in the conclusion of an alien's immigration proceedings. *Id.* While the Third Circuit did observe that "certain cases might be distinguishable [from *Chavez-Alvarez* where the alien is] merely gaming the system to delay their removal," and that the aliens in such cases "should not be rewarded a bond hearing they would not otherwise get under the statute," *Id.* at 476, the *Chavez-Alvarez* panel also observed that courts need not "decide whether an alien's delay tactics should preclude a bond hearing" where the court could not conclude that the alien acted in bad faith. *Id.*
>
> Determining whether an alien has acted in bad faith is not a matter of "counting wins and losses," but is instead a fact specific inquiry requiring consideration of whether the alien has presented "real issues" to the immigration court by raising factual disputes, challenging poor legal reasoning, raising contested legal theories, or presenting new legal issues. *Id.* "Where questions are legitimately raised, the wisdom of [the Third Circuit's] ruling in *Leslie* [*v. Att'y Gen. of the United States*, 678 F.3d 265, 271 (3d Cir. 2012),] is plainly relevant [and the court] cannot 'effectively punish' these aliens for choosing to exercise their legal right to challenge the Government's case against them by rendering 'the corresponding increase in time of detention . . . reasonable.'" *Id.* Thus, the conduct of the parties in a vacuum does not per se determine reasonableness, and the Court must weigh all available relevant information in determining whether the reasonableness "tipping point" has been reached.

*Rodriguez v. Green*, No. 16-4431, 2016 WL 7175597, at *2-3 (D.N.J. Dec. 7, 2016). Given the standards provided in *Chavez-Alvarez*, this Court has in other cases concluded that a petitioner will normally be entitled to a bond hearing where he has been detained for nearly a year while pursuing claims that were capable of providing some relief, however limited, and no bad faith or dilatory motive has been shown. *Id.* at *3.

In this matter, Petitioner has been held without a bond hearing and without a final order of removal for nearly eleven months. While Petitioner and his prior counsel may have been

5

responsible for several continuances, Petitioner, since hiring new counsel, has filed an application for relief under the Convention Against Torture, and appears to be pursuing what limited relief is available to him given his criminal history. As in *Rodriguez*, that Petitioner's application for relief cannot provide him complete relief from removal is immaterial to the question before this Court – what is central is instead whether there is evidence of bad faith on Petitioner's part, which does not appear to be the case. Based on the record which has been presented, this Court finds that the Government has not established that Petitioner acted in bad faith or with a dilatory motive in his removal proceedings, and that it appears that Petitioner is pursuing legitimate, if limited, forms of relief in his removal proceedings. Given those findings, and the nearly eleven months of detention Petitioner has faced, this matter is not materially distinguishable from *Rodriguez* or *Chavez-Alvarez*. As such, this Court finds that Petitioner's immigration detention has reached the tipping point wherein it is no longer reasonable under the statute to continue his detention absent a particularized determination as to his danger to the community and potential flight risk. This Court will therefore grant this petition and direct the immigration Court to provide Petitioner with a bond hearing in accordance with *Chavez-Alvarez*. 783 F.3d 477-78.

### III. CONCLUSION

For the reasons expressed above, this Court will grant Petitioner's petition for a writ of habeas corpus (ECF No. 1), and will direct an immigration judge to provide Petitioner with a bond hearing. An appropriate order follows.

Dated: December 23, 2016        *s/ Susan D. Wigenton*
                                Hon. Susan D. Wigenton,
                                United States District Judge